## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————
)
**JACOB S. ADAMS,**                                     )
)
**Plaintiff,**                )
)
**v.**                                      )          **Civil Action No. 08-0138 (ESH)**
)
**FEDERAL BUREAU OF**                     )
**INVESTIGATION,**                        )
)
**Defendant.**                )
———————————————————————  )

## DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY,
## MOTION FOR SUMMARY JUDGEMENT

Defendant, the Federal Bureau of Investigation ("FBI"), through its undersigned counsel,

hereby respectfully moves the Court, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules

of Civil Procedure ("Fed. R. Civ. P."), to dismiss Plaintiff's claims on the bases that the Court

lacks subject matter jurisdiction and because Plaintiff's claims fail to state a claim upon which

relief can be granted. Alternatively, Defendant moves the Court, pursuant to Fed. R. Civ. P. 56,

for summary judgment on the basis that no genuine issue of material fact exists and Defendant

FBI is, therefore, entitled to judgment as a matter of law. In support of this motion, the Court is

respectfully referred to the accompanying Statement of Material Facts To Which There Is No

Genuine Issue, Memorandum of Points and Authorities in Support, and the Declaration of David

M. Hardy, Section Chief of the FBI's Record/Information Dissemination Section, Records

Management Division.

*Pro se* Plaintiff will please take note that the assertions contained in the accompanying

declarations and other attachments in support of Defendant's motion will be accepted by the

Court as true unless Plaintiff submits his own affidavit or other documentary evidence

contradicting the assertions in Defendant's declaration and attachments. *See Neal v. Kelly*, 963

F.2d 453, 456 (D.C. Cir. 1992), and Local Rule 7(h).  Furthermore, Rule 56(e) of the Federal

Rules of Civil Procedure provides that:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.  The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must –by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

Because this is a dispositive motion, Defendant has not sought Plaintiff's consent before

filing.  LCvR 7(m).

Respectfully submitted,


   /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    /s/

JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing: (a) Defendant's Motion to Dismiss or

Alternatively, Motion for Summary Judgment; (b) Memorandum of Points and Authorities in

Support; (c) Statement of Material Facts To Which There Is No Genuine Issue; and

(d) Declaration of David M. Hardy, were mailed, postage pre-paid, to Jacob S. Adams, Plaintiff

*pro se*, on this 18th day of June 2008, to the following address:

Jacob S. Adams
#54835-066
USP
P.O. Box 1000
Lewisburg, PA 17837

_____/s/_____
JUDITH A. KIDWELL
Assistant U.S. Attorney

4

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JACOB S. ADAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Civil Action No. 08-0138 (ESH)** |
| | ) |
| **FEDERAL BUREAU OF** | ) |
| **INVESTIGATION,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## STATEMENT OF MATERIAL FACTS TO WHICH
## THERE IS NO GENUINE ISSUE

Pursuant to LCvR 7(h), Defendant, Federal Bureau of Investigation ("FBI"), hereby

submits the following statement.  This statement is supported by the Declaration of David M.

Hardy, Section Chief of the FBI's Record/Information Dissemination Section, Records

Management Division ("Hardy Decl.")

1.  By letter dated January 21, 2004, Plaintiff submitted a request to FBI's Newark Field

Office ("NKFO") for records pertaining to FBI Lab Technician Jaqueline Blake and asked

whether Ms. Blake "was involved in any way in the examination of DNA in the case of U.S. v.

Jacob Adams, Jr.,  00-697 (GEB), District of New Jersey."  Hardy Decl. ¶ 5.

2.  By letter dated February 5, 2003,[1] the Federal Bureau of Investigation's Headquarters

("FBIHQ"), in Washington, D.C., advised Plaintiff that a copy of his letter asking for information

maintained by the FBI concerning another individual had been forwarded from NKFO and was

being returned to him.  Hardy Decl. ¶ 6.  The FBIHQ further advised Plaintiff that before

---

[1] This date should have been February 5, 2004.  Hardy Decl., FN 1.

processing his request for records pertaining to another individual, Plaintiff would need to provide a privacy waiver from that person.  *Id*.

3.   By letter dated February 10, 2004, Plaintiff advised the FBIHQ that his request "pertains to me."  Hardy Decl. ¶ 7.  Plaintiff further advised that his request "references Ms. Blake only to the extent that I want to know if she was involved in any way in the examination of evidence in my case.  (U.S. v. Jacob Adams, Jr., Indictment No. 00-697 (GEB) [District of New Jersey])."  *Id*.  Based on the language in Plaintiff's letter, the FBI treated Plaintiff's request as a request for records on himself.  *Id*., FN 2.

4.   By letter dated February 24, 2004, the FBIHQ acknowledged receipt of Plaintiff's FOIA/Privacy Act request forwarded from NKFO and advised Plaintiff that his request had been assigned FOIPA Request Number 0992198-000.  Hardy Decl. ¶ 8.

5.   By letter dated April 5, 2004, the FBIHQ advised Plaintiff that a search of the automated indices to the Central Records System for the NKFO located no records responsive to his request for records on himself.  The FBI advised Plaintiff of his right to file an administrative appeal to the Office of Information and Privacy ("OIP"), U.S. Department of Justice, within sixty days from receipt of the letter.  Hardy Decl. ¶ 9.

6.   By letter dated April 12, 2004, Plaintiff appealed the FBI's "no records" response to OIP.  Hardy Decl. ¶ 10.

7.   By letter dated April 28, 2004, OIP acknowledged receipt of Plaintiff's administrative appeal and assigned it Appeal Number 04-1665.  Hardy Decl. ¶ 11.

8.   By letter dated June 28, 2004, OIP further advised Plaintiff that it was affirming the FBI's action on his request.  Hardy Decl. ¶ 12.  OIP advised Plaintiff that the FBI had not

searched any of its field offices for information responsive to his request, and that he might wish

to submit a FOIA request directly to the NKFO.  *Id*.  OIP furnished Plaintiff the address of the

NKFO.  *Id*.  However, in fact, the FBI had searched the NKFO for records responsive to

Plaintiff's request, but located no records through that search.  Hardy Decl., FN 3.

9.    By letter dated July 12, 2004, to the NKFO, Plaintiff advised that pursuant to the

suggestion of the FBIHQ, he was filing the enclosed FOIA request with NKFO.  Hardy Decl.

¶ 13.  Plaintiff attached a copy of his January 21, 2004, request for records pertaining to FBI Lab

Technician Jaqueline Blake and whether Ms. Blake "was involved in any way in the examination

of DNA in the case of U.S. v. Jacob Adams, Jr., 00-697 (GEB) (District of New Jersey)."  *Id*.

10.    By letter dated August 2, 2004, the FBIHQ acknowledged receipt of Plaintiff's FOIA

request that had been forwarded from the NKFO and advised Plaintiff that his request for

information pertaining to himself had been assigned FOIPA Request No. 1002135-000.  Hardy

Decl. ¶ 14.

11.    By letter dated August 11, 2004, the FBIHQ advised Plaintiff that it had identified a

file that might be responsive to his request, however, the file was unavailable for review at that

time.  Hardy Decl. ¶ 15.  Plaintiff was advised that he would be notified when the file became

available if it was responsive to his request and that all material that could be released would be

sent to him.  *Id*.  Plaintiff was advised of his right to file an administrative appeal to the OIP

within sixty days from receipt of the letter.  *Id.*

12.    By letter dated August 16, 2004, Plaintiff appealed the FBI's response to OIP.

Hardy Decl. ¶ 16.

13.    By letter dated September 30, 2004, OIP acknowledged receipt of Plaintiff's

3

administrative appeal and assigned it Appeal Number 04-2732. Hardy Decl. ¶ 17. OIP advised Plaintiff that subsequent to his appeal, the FBI had located the file in question. *Id*. OIP advised Plaintiff that it was remanding his request to the FBI for processing and that the FBI would send the releasable portions of the file directly to him. *Id*. OIP also advised Plaintiff of his right to appeal if he was dissatisfied with the FBI's ultimate action on these records. *Id*.

14.    By letter dated February 14, 2005, the FBIHQ advised Plaintiff that it had reviewed 453 pages responsive to his request, and that 365 pages were being released to him. Hardy Decl. ¶ 18. Plaintiff was advised that information was being withheld pursuant to Privacy Act Exemption (j)(2), 5 U.S.C. § 552a(j)(2), and FOIA Exemptions (b)(2), (b)(3), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F), 5 U.S.C. § 552(b)(2), (b)(3), (b)(7)(C), (b)(7)(D), and (b)(7)(E). *Id*. The FBI advised Plaintiff of his right to file an administrative appeal to OIP. *Id*.

15.    By letter dated February 28, 2005, Plaintiff appealed the FBI's response to OIP. Hardy Decl. ¶ 19. Plaintiff asserted that he had requested "to be specifically advised whether former forensic examiner Jacqueline Blake was involved in any way in the DNA comparisons that the FBI conducted in its investigation of me." *Id*. Plaintiff also stated that the documents provided to him on February 14, 2005, were not responsive to his request. *Id*.

16.    By letter dated March 15, 2005, OIP acknowledged receipt of Plaintiff's administrative appeal and assigned it Appeal Number 05-1217. Hardy Decl. ¶ 20.

17.    By letter dated November 26, 2007, OIP advised Plaintiff that it was affirming the FBI's action on his request. Hardy Decl. ¶ 21. OIP noted that Plaintiff had limited his appeal to "whether former forensic examiner Jacqueline Blake was involved in any way in the DNA comparisons that the FBI conducted in its investigation of [you]." *Id*. OIP advised Plaintiff that

4

"to the extent that your appeal was specifically limited as described above, please note that the FOIA does not require federal agencies to answer questions or to create explanatory materials in response to a FOIA request, but rather is limited to requiring agencies to provide access to reasonably described, nonexempt records. *Id.* OIP further advised Plaintiff of his right to seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B). *Id.*

18. In response to Plaintiff's FOIA/Privacy Act requests for information concerning himself, the FBI initiated a search of its NKFO general indices to identify all potentially responsive main files. Hardy Decl. ¶ 28. The FBI used the general indices to search the CRS for files concerning Plaintiff. *Id.* A search was conducted using Plaintiff's name, date of birth, and social security number. *Id.* The NKFO search located one NKFO main file and one NKFO sub-file responsive to Plaintiff's request. Id. These files were reviewed by the FBI and the nonexempt material was sent to Plaintiff by letter dated February 14, 2005. *Id.*

19. Upon receipt of the complaint herein, the FBI conducted a second set of searches for records responsive to Plaintiff's request. Hardy Decl. ¶ 29. These additional searches failed to locate any additional records responsive to Plaintiff's request. *Id.* The FBI has searched all locations likely to yield documents responsive to Plaintiff's FOIA/Privacy act requests. *Id.*

20. Plaintiff's request for the FBI to answer a question concerning whether a certain forensic examiner was involved in the DNA analysis in his case was not a proper FOIA request. Hardy Decl. ¶ 30.

21. Plaintiff's complaint challenges only the FBI's failure to respond to Plaintiff's question about Ms. Blake, the forensic examiner. Complaint ¶¶ V, VII.

Respectfully submitted,

 /s/ 
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


 /s/ 
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


 /s/ 
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                )
**JACOB S. ADAMS,**                             )
                                                )
              **Plaintiff,**                    )
                                                )
        **v.**                                  )        **Civil Action No. 08-0138 (ESH)**
                                                )
**FEDERAL BUREAU OF**                           )
**INVESTIGATION,**                              )
                                                )
              **Defendant.**                    )
_____        )

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF FEDERAL BUREAU OF INVESTIGATION'S
MOTION TO DISMISS, OR ALTERNATIVELY,
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**<u>Preliminary Statement</u>**

On January 24, 2008, Plaintiff brought this action pursuant to the Freedom of Information

Act ("FOIA"), 5 U.S.C. § 552, against Defendant, the Federal Bureau of Investigation ("FBI"),

challenging the FBI's failure to specifically advise him "whether FBI Lab Technician Jaqueline

Blake, who was fired by the FBI for failing to properly examine DNA evidence, was involved in

any way in the examination of DNA evidence in <u>USA v. Adams</u>."  Complaint ¶¶ III, VII.

Plaintiff's claims against Defendant FBI should be dismissed for lack of subject matter

jurisdiction and failure to state a claim upon which relief can be granted, because his request for

an answer to a question did not constitute a proper FOIA request.  Alternatively, Defendant FBI

is entitled to summary judgment because there are no genuine issues of material fact and,

therefore, Defendant FBI is entitled to judgment as a matter of law.

## I. <u>BACKGROUND</u>

By letter dated January 21, 2004, Plaintiff submitted a request to FBI's Newark Field Office ("NKFO") for records pertaining to FBI Lab Technician Jaqueline Blake and asked whether Ms. Blake "was involved in any way in the examination of DNA in the case of U.S. v. Jacob Adams, Jr.,  00-697 (GEB), District of New Jersey."  Hardy Decl. ¶ 5.  By letter dated February 5, 2003,[2] the Federal Bureau of Investigation's Headquarters ("FBIHQ"), in Washington, D.C., advised Plaintiff that a copy of his letter asking for information maintained by the FBI concerning another individual had been forwarded from NKFO and was being returned to him.  Hardy Decl. ¶ 6.  The FBIHQ further advised Plaintiff that before processing his request for records pertaining to another individual, Plaintiff would need to provide a privacy waiver from that person.  *Id*.

By letter dated February 10, 2004, Plaintiff advised the FBIHQ that his request "pertains to me."  Hardy Decl. ¶ 7.  Plaintiff further advised that his request "references Ms. Blake only to the extent that I want to know if she was involved in any way in the examination of evidence in my case.  (U.S. v. Jacob Adams, Jr., Indictment No. 00-697 (GEB) [District of New Jersey])." *Id*.  Based on the language in Plaintiff's letter, the FBI treated Plaintiff's request as a request for records on himself.  *Id*., FN 2.

By letter dated February 24, 2004, the FBIHQ acknowledged receipt of Plaintiff's FOIA/Privacy Act request forwarded from NKFO and advised Plaintiff that his request had been assigned FOIPA Request Number 0992198-000.  Hardy Decl. ¶ 8.  By letter dated April 5, 2004, the FBIHQ advised Plaintiff that a search of the automated indices to the Central Records System

---

[2] This date should have been February 5, 2004.  Hardy Decl., FN 1.

2

for the NKFO located no records responsive to his request for records on himself.  The FBI advised Plaintiff of his right to file an administrative appeal to the Office of Information and Privacy ("OIP"), U.S. Department of Justice, within sixty days from receipt of the letter.  Hardy Decl. ¶ 9.

By letter dated April 12, 2004, Plaintiff appealed the FBI's "no records" response to OIP. Hardy Decl. ¶ 10.  By letter dated April 28, 2004, OIP acknowledged receipt of Plaintiff's administrative appeal and assigned it Appeal Number 04-1665.  Hardy Decl. ¶ 11.  By letter dated June 28, 2004, OIP further advised Plaintiff that it was affirming the FBI's action on his request and provided Plaintiff with the address of the NKFO.  Hardy Decl. ¶ 12.  Additionally, and incorrectly, OIP advised Plaintiff that the FBI had not searched any of its field offices for information responsive to his request.  *Id*.  However, in fact, the FBI had searched the NKFO for records responsive to Plaintiff's request, but had located no records through that search.  Hardy Decl., FN 3, ¶ 18.

By letter dated July 12, 2004, to the NKFO, Plaintiff advised that pursuant to the suggestion of the FBIHQ, he was filing the enclosed FOIA request with NKFO.  Hardy Decl. ¶ 13.  Plaintiff attached a copy of his January 21, 2004, request for records pertaining to FBI Lab Technician Jaqueline Blake and whether Ms. Blake "was involved in any way in the examination of DNA in the case of U.S. v. Jacob Adams, Jr., 00-697 (GEB) (District of New Jersey)."  *Id*.

By letter dated August 2, 2004, the FBIHQ acknowledged receipt of Plaintiff's FOIA request that had been forwarded from the NKFO and advised Plaintiff that his request for information pertaining to himself had been assigned FOIPA Request No. 1002135-000.  Hardy Decl. ¶ 14.  By letter dated August 11, 2004, the FBIHQ advised Plaintiff that it had identified a

3

file that might be responsive to his request, however, the file was unavailable for review at that time. Hardy Decl. ¶ 15. Plaintiff was advised that he would be notified when the file became available if it was responsive to his request and that all material that could be released would be sent to him. *Id*. In addition, Plaintiff was advised of his right to file an administrative appeal to OIP within sixty days from receipt of the letter. *Id*.

By letter dated August 16, 2004, Plaintiff appealed the FBI's response to OIP. Hardy Decl. ¶ 16. By letter dated September 30, 2004, OIP acknowledged receipt of Plaintiff's administrative appeal and assigned it Appeal Number 04-2732. Hardy Decl. ¶ 17. OIP advised Plaintiff that subsequent to his appeal, the FBI had located the file in question. *Id*. OIP advised Plaintiff that it was remanding his request to the FBI for processing and that the FBI would send the releasable portions of the file directly to him. *Id*. Additionally, OIP advised Plaintiff of his right to appeal if he was dissatisfied with the FBI's ultimate action on these records. *Id*.

By letter dated February 14, 2005, the FBIHQ advised Plaintiff that it had reviewed 453 pages responsive to his request, and that 365 pages were being released to him. Hardy Decl. ¶ 18. Plaintiff was advised that information was being withheld pursuant to Privacy Act Exemption (j)(2), 5 U.S.C. § 552a(j)(2), and FOIA Exemptions 2, 3, 7(C), 7(D), 7(E), and 7(F), 5 U.S.C. § 552(b)(2), (b)(3), (b)(7)(C), (b)(7)(D), and (b)(7)(E). *Id*. The FBI further advised Plaintiff of his right to file an administrative appeal to OIP. *Id*.

By letter dated February 28, 2005, Plaintiff appealed the FBI's response to OIP. Hardy Decl. ¶ 19. Plaintiff asserted that he had requested "to be specifically advised whether former forensic examiner Jacqueline Blake was involved in any way in the DNA comparisons that the FBI conducted in its investigation of me." *Id*. Additionally, Plaintiff stated that the documents

4

provided to him on February 14, 2005, were not responsive to his request.  *Id.*

By letter dated March 15, 2005, OIP acknowledged receipt of Plaintiff's administrative appeal and assigned it Appeal Number 05-1217.  Hardy Decl. ¶ 20.  By letter dated November 26, 2007, OIP advised Plaintiff that it was affirming the FBI's action on his request. Hardy Decl. ¶ 21.  OIP noted that Plaintiff had limited his appeal to "whether former forensic examiner Jacqueline Blake was involved in any way in the DNA comparisons that the FBI conducted in its investigation of [you]."  *Id.*  OIP advised Plaintiff that "to the extent that your appeal was specifically limited as described above, please note that the FOIA does not require federal agencies to answer questions or to create explanatory materials in response to a FOIA request, but rather is limited to requiring agencies to provide access to reasonably described, nonexempt records."  *Id.*  OIP further advised Plaintiff of his right to seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).  *Id.*  Plaintiff filed his complaint herein on January 24, 2008, challenging the FBI's failure to respond to his question about whether forensic examiner Jacqueline Blake had been involved in his case.  Complaint ¶¶ V, VII.

## II.  <u>LEGAL STANDARDS OF REVIEW</u>

### A.  <u>Motion to Dismiss Under Rule 12(b)(1)</u>

A motion under 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987), *aff'd*, 213 F.3d 735 (D.C. Cir. 2000), *cert. denied*, 531 U.S. 1153 (2001).  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson v. Capitol Police Board*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).

5

"The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao, Dep't. of Labor*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), *affirmed*, 346 F.3d 192 (D.C. Cir. 2003), *cert. denied*, 543 U.S. 809 (2004).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." *Thompson*, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  *Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  *Id*.

Courts must liberally construe pleadings submitted by a *pro se* party.  *See United States* v. *Palmer*, 296 F.3d 1135, 1143 (D.C. Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972), for the proposition that the allegations of a *pro se* litigant, "however inartfully pleaded," are subject to "less stringent standards than formal pleadings drafted by lawyers".).  However, a court may not entertain "what[ever] claims a [*pro se* litigant] may or may not want to assert" without an adequate jurisdictional basis.  *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987).

## B.    Motion to Dismiss Under Rule 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1974 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Aktieselskabet v. Fame Jeans, Inc.*,--F.3d--, 2008 WL 1932768 (D.C. Cir. Apr. 29, 2008); *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*).  Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support a plaintiff's claims for relief.

The Court must construe the factual allegations in the complaint in light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint.  *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint.  *Kowal*, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations."  *Id*.

### C.    **Motion for Summary Judgment Under Rule 56**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   To determine which facts are material, the Court must look to the substantive law on which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether there exists a genuine issue of material fact sufficient to preclude summary judgment, the Court

must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor. *Id.*, at 255. A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of his position. *Id.* at 252. By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. at 322. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, at 249-250. The non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts." *Matsushita Elc. Indus. Radio Corp.*, 475 U.S. 574, 586 (1986).

### D.  Summary Judgment In FOIA Cases

For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to *de novo* review by the Courts. *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d 1381, 1384 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dept. of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dept. of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and a plaintiff with affidavits or declarations which show that the documents are exempt from disclosure. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Summary judgment may be granted to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the

"affidavits [or declarations] are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'"  *McGhee v. Central Intelligence Agency*, 697 F.2d 1095, 1102 (D.C. Cir. 1983).   *See also Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *Hayden v. National Security Agency Cent. Sec. Serv*., 608 F.2d at 1387. "Summary judgment is warranted on the basis of agency affidavits when the affidavits describe 'the justification for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'"  *Miller v. Casey,* 730 F.2d 773, 776 (D.C. Cir. 1984) (quoting *Military Audit Project v. Casey*, 656 F.2d at 738). Such affidavits or declarations are accorded 'a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.' "  *SafeCard Servs., Inc. v. Sec and Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

## ARGUMENT

### III.  THE COURT LACKS SUBJECT MATTER JURISDICTION AND PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

FOIA confers jurisdiction upon the Court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency.  5 U.S.C. § 552(a)(4)(B). The courts have interpreted this section of the statute to mean that jurisdiction exists only upon a showing by a plaintiff that the defendant (1) improperly (2) withheld (3) agency records*. See Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980).  Indeed,

9

"[t]he plaintiff must show that the agency 'contravened all three components of this obligation' in order for jurisdiction to be valid." *Kuffel v. U.S. Bureau of Prisons*, 882 F. Supp. 1116, 1120 (D.D.C. 1995) (*citing Kissinger*, 445 U.S. at 151.)  Absent such a showing, FOIA confers no "judicial authority to devise remedies and enjoin agencies." *Id.*

An agency's "obligation under the FOIA begins only upon receipt of a valid request," *Dale v. Internal Revenue Service*, 238 F. Supp.2d 99, 103 (D.D.C. 2002) (Bates, J.), *i.e.*, when it receives "any request for records which (1) reasonably describes such records, and (2) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A).  Under FOIA, a request "reasonably describes" records if "the agency is able to determine precisely what records are being requested." *Tax Analysts v. Internal Revenue Serv.*, 117 F.3d 607, 610 (D.C. Cir. 1997).  A description would be sufficient if it enabled a professional employee of the agency familiar with the subject area of the request to locate the record with a reasonable amount of effort.  *Goland v. Central Intelligence Agency*, 607 F.2d 339, 353 n. 88 (D.C. Cir. 1978); *Am. Fed. of Gov't Employees v. Dept. of Commerce*, 632 F.Supp. 1272, 1277 (D.D.C. 1986), *aff'd*, 907 F.2d 203, 208-09 (D.C. Cir. 1990).  Broad, sweeping requests lacking specificity are not sufficient.  *Am. Fed. of Gov't Employees v. Dept. of Commerce*, 632 F. Supp. at 1277.

In the instant case, Plaintiff did not request records under FOIA, but rather, requested a response to a question about a forensic examiner.  However, agencies are not required to respond to questions under the FOIA.  *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 162 (1975) (FOIA only requires disclosure of certain documents that the law requires an agency to prepare or which agency has decided to create for its own reasons); *Zemansky v. EPA*, 767 F.2d 569, 573,

574 (9th Cir. 1985) (affirming grant of summary judgment on requester's counterclaim which sought declaration of agency's obligation under FOIA to generate documents explaining its policies and actions); *Di Viaio v. Kelly*, 571 F.2d 538, 542-43 (10th Cir. 1978) (plaintiff's questions, whether any pictures of him had been taken and if so, whether they had been disseminated, were not within FOIA's scope); *Astley v. Lawson*, No. 89-2806, 1991 WL 7162, * 2 (D.D.C. Jan. 11, 1991) (plaintiff's requests concerning previous agency assignments of two FBI agents were questions disguised as FOIA requests to which the FBI need not respond)).

Moreover, Plaintiff's reliance on *Looney v. Walters-Tucker*, 20 F.Supp.2d 70 (D.D.C. 1998), for the proposition that agencies can be required to answer questions under FOIA, is misplaced.  In *Looney*, the FDIC had failed to respond to the plaintiff's FOIA request for records regarding the FDIC-insured status of a bank that the plaintiff was convicted of robbing.  The Court did not hold that the FDIC had to respond to any questions propounded by the Plaintiff, but instead, determined that the FDIC had provided records on the wrong bank, and had, therefore, not responded to the plaintiff's FOIA request.[3]  The Court denied the FDIC's motion for summary judgment and ordered the FDIC to file a renewed dispositive motion with affidavits or declaration detailing its search for records related to the right bank.  *Looney*, at 72-73.

Accordingly, Plaintiff's claims against Defendant FBI regarding the FBI's failure to answer Plaintiff's question with respect to a forensic examiner should be dismissed, or in the alternative, Defendant FBI should be granted summary judgment.

---

[3]  The FDIC had conducted a search and provided records on a bank with a similar name at a similar address on the assumption that the plaintiff had misidentified the right bank.  *Looney*, 20 F.Supp.2d at 70.

11

## Conclusion

For the foregoing reasons, Plaintiff's claims against Defendant FBI should be dismissed.

Alternatively, because there are no genuine issues of material facts in dispute, Defendant FBI

should be granted summary judgment as a matter of law.

Respectfully submitted,

_/s/_____

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/_____

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_/s/_____

JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JACOB S. ADAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 08-0138 (ESH)** |
| ) | |
| **FEDERAL BUREAU OF** ) | |
| **INVESTIGATION,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## ORDER

UPON CONSIDERATION OF Defendant's Motion To Dismiss or Alternatively, Motion for Summary Judgment, any opposition thereto, and the entire record, it is this _____ day of June 2008,

**ORDERED** that Defendant's motion is **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff's claims are dismissed with prejudice.


_____
UNITED STATES DISTRICT JUDGE


Copies to:

Counsel by ECF

Jacob S. Adams
#54835-066
USP
P.O. Box 1000
Lewisburg, PA 17837

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACOB S. ADAMS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 08-0138 (ESH) |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)    I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 190 employees who staff a total of ten (10) FBIHQ units and a field operational service center unit whose collective mission is to effectively plan, develop, direct, and manage responses to requests

for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order

12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial

decisions; and Presidential and Congressional directives. The statements contained in this

declaration are based upon my personal knowledge, upon information provided to me in my

official capacity, and upon conclusions and determinations reached and made in accordance

therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information from its files pursuant to the provisions of

the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am

aware of the consideration and response which has been afforded the FOIA/Privacy Act requests

of plaintiff, Jacob S. Adams, Jr., which the FBI determined sought access to records concerning

himself at the FBI's Newark Field Office ("NKFO").

(4)    The purpose of this declaration is to provide the Court and plaintiff with an

explanation of the procedures used to search for records responsive to his requests.

## CHRONOLOGY OF JACOB S. ADAMS, JR.'S
## FIRST FOIA/PRIVACY ACT REQUEST (992198)

(5)    By letter dated January 21, 2004, the plaintiff submitted a request to the FBI's

NKFO for records pertaining to FBI Lab Technician Jaqueline Blake and whether Ms. Blake

"was involved in any way in the examination of DNA in the case of U.S. v. Jacob Adams, Jr.,

00-697 (GEB) (District of New Jersey)[.]" **(See Exhibit A.)**

(6)    By letter dated February 5, 2003,[1] FBIHQ advised plaintiff that a copy of his

---

[1] The date should have read "February 5, 2004."

2

letter asking for information maintained by the FBI concerning another individual was forwarded from the NKFO and was being returned to him. FBIHQ advised plaintiff that before processing his request for records pertaining to another individual could commence, plaintiff would need to provide a privacy waiver from that person. **(See Exhibit B.)**

(7)    By letter dated February 10, 2004, plaintiff advised FBIHQ that his request "pertains to me." Plaintiff further advised that his request "references Ms. Blake only to the extent that I want to know if she was involved in any way in the examination of evidence in my case. (U.S. v. Jacob Adams, Jr., Indictment No. 00-697(GEB) [District of New Jersey])."[2] **(See Exhibit C.)**

(8)    By letter dated February 24, 2004, FBIHQ acknowledged receipt of plaintiff's FOIA/Privacy Act request forwarded from NKFO and advised plaintiff that his request for information pertaining to himself had been assigned FOIPA Request Number 0992198-000. **(See Exhibit D.)**

(9)    By letter dated April 5, 2004, FBIHQ advised plaintiff that a search of the automated indices to the Central Records System for the NKFO located no records responsive to his request for records on himself. The FBI advised plaintiff of his right to file an administrative appeal to the Department of Justice ("DOJ") Office of Information and Privacy ("OIP") within sixty days from receipt of this letter. **(See Exhibit E.)**

(10)    By letter dated April 12, 2004, plaintiff appealed the FBI's "no records" response to DOJ OIP. **(See Exhibit F.)**

---

[2] Based on the language in this letter, the FBI treated plaintiff's request as a request for records on himself.

3

(11)    By letter dated April 28, 2004, DOJ OIP acknowledged receipt of plaintiff's administrative appeal of the FBI's April 5, 2004 response and assigned it Appeal Number 04-1665. (See Exhibit G.)

(12)    By letter dated June 28, 2004, DOJ OIP advised plaintiff that it was affirming the FBI's action on his request. DOJ OIP advised plaintiff that the FBI had not searched any of its field offices for information responsive to his request.[3] DOJ OIP advised plaintiff that he may wish to submit a Freedom of Information Act request directly to the Newark Field Office, and furnished plaintiff the NKFO address.  (See Exhibit H.)

### CHRONOLOGY OF JACOB S. ADAMS, JR.'S SECOND FOIA/PRIVACY ACT REQUEST (1002135)

(13)    By letter dated July 12, 2004 to the NKFO, plaintiff advised that per the suggestion of FBIHQ, he was filing the enclosed FOIA request with the NKFO. Plaintiff attached a copy of his January 21, 2004 request for records pertaining to FBI Lab Technician Jaqueline Blake and whether Ms. Blake "was involved in any way in the examination of DNA in the case of U.S. v. Jacob Adams, Jr., 00-697 (GEB) (District of New Jersey)." (See Exhibit I.)

(14)    By letter dated August 2, 2004, FBIHQ acknowledged the receipt of the FOIA/Privacy Act request that was forwarded from NKFO and advised plaintiff that his request for information pertaining to himself had been assigned FOIPA Request Number 1002135-000. (See Exhibit J.)

(15)    By letter dated August 11, 2004, FBIHQ advised plaintiff that it had identified a

---

[3] This assertion by DOJ OIP is incorrect. The FBI searched the NKFO for records responsive to plaintiff's request. No records were located through this search. However, as addressed below, a main file and sub-file were located during a subsequent search of the NKFO. See infra, ¶ 18.

4

file that may be responsive to his request. FBIHQ advised plaintiff that the file was unavailable for review at that time. Plaintiff was also advised that when the file becomes available, he would be notified if it is responsive to his request, and all releasable material would be sent to him. The FBI advised plaintiff of his right to file an administrative appeal to the DOJ OIP within sixty days from receipt of this letter. (**See Exhibit K.**)

(16)    By letter dated August 16, 2004, plaintiff appealed the FBI's response to DOJ OIP. (**See Exhibit L.**)

(17)    By letter dated September 30, 2004, DOJ OIP acknowledged receipt of plaintiff's administrative appeal and assigned it Appeal Number 04-2732. DOJ OIP advised plaintiff that subsequent to his appeal, the FBI located the file in question. DOJ OIP advised plaintiff that it was remanding his request to the FBI for processing and that the FBI would send the releasable portions of the file directly to him. DOJ OIP also advised plaintiff of his right to appeal if he was dissatisfied with the FBI's ultimate action on these records. (**See Exhibit M.**)

(18)    By letter dated February 14, 2005, FBIHQ advised plaintiff that it had reviewed 453 pages responsive to his request, and that 365 pages were being released to him. Plaintiff was advised that information was being withheld pursuant to Privacy Act Exemption (j)(2), 5 U.S.C. 552a(j)(2), and FOIA Exemptions (b)(2), (b)(3), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F), 5 U.S.C. 552(b)(2), (b)(3), (b)(7)(C), (b)(7)(D), and (b)(7)(E). The FBI advised plaintiff of his right to file an administrative appeal to the DOJ OIP. (**See Exhibit N.**)

(19)    By letter dated February 28, 2005, plaintiff appealed the FBI's response to DOJ OIP. Plaintiff stated he had requested "to be specifically advised whether former forensic examiner Jacqueline Blake was involved in any way in the DNA comparisons that the FBI

5

conducted in its investigation of me." Plaintiff stated that the documents provided to him on February 14, 2005, were not responsive to his request. **(See Exhibit O.)**

(20)    By letter dated March 15, 2005, DOJ OIP acknowledged receipt of plaintiff's administrative appeal and assigned it Appeal Number 05-1217. **(See Exhibit P.)**

(21)    By letter dated November 26, 2007, DOJ OIP advised plaintiff that it was affirming the FBI's action on his request. DOJ OIP noted that plaintiff had limited his appeal to "whether former forensic examiner Jacqueline Blake was involved in any way in the DNA comparisons that the FBI conducted in its investigation of [you]." DOJ OIP advised plaintiff that "to the extent that your appeal was specifically limited as described above, please note that the FOIA does not require federal agencies to answer questions or to create explanatory materials in response to a FOIA request, but rather is limited to requiring agencies to provide access to reasonably described, nonexempt records. See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 162 (1975); Zemansky v. EPA, 767 F.2d 569, 574 (9th Cir. 1985)." DOJ OIP further advised plaintiff of his right to seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B). **(See Exhibit Q.)**

## EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM

(22)    The Central Records System ("CRS"), which is utilized by the FBI to conduct searches in response to FOIA and Privacy Act requests, enables it to maintain all information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities. The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. This system consists of a numerical sequence of files broken down according to subject matter. The subject matter of a file may relate to an individual, organization, company, publication, activity, or foreign intelligence matter (or

6

program). Certain records in the CRS are maintained at FBIHQ. Records that are pertinent to specific field offices of the FBI are maintained in those field offices. Although the CRS is primarily designed to serve as an investigative tool, the FBI utilizes the CRS to conduct searches that are likely to yield documents responsive to FOIA and Privacy Act requests. The mechanism that the FBI uses to search the CRS is the Automated Case Support System ("ACS").

(23)    On or about October 16, 1995, the ACS was implemented for all Field Offices, Legal Attaches ("Legats"), and FBIHQ in order to consolidate portions of the CRS that were previously automated. ACS can be described as an internal computerized subsystem of the CRS. Because the CRS cannot electronically query the case file for data, such as an individual's name or social security number, the required information is duplicated and moved to the ACS so that it can be searched. More than 105 million records from the CRS were converted from automated systems previously utilized by the FBI. Automation did not change the CRS; instead, automation has facilitated more economic and expeditious access to records maintained in the CRS.

(24)    The retrieval of data from the CRS is made possible through the ACS using the General Indices, which are arranged in alphabetical order.[4] The entries in the General Indices fall into two categories:

> (a)  A "main" entry -- A "main" entry, or "main" file, carries the name corresponding with a subject of a file contained in the CRS.

> (b)  A "reference" entry -- "Reference" entries, sometimes called "cross-references," are generally only a mere mention or reference to an individual, organization, or other subject matter, contained in a document located in another "main" file or a different subject matter.

---

[4] The General Indices are not only automated but also include index cards which allow a manual search for records that pre-dated the implementation of ACS on October 16, 1995.

7

(25)    Searches made in the General Indices to locate records concerning a particular subject, such as Jacob S. Adams, Jr., are made by searching the subject requested in the index.

(26)    The ACS consists of three integrated, yet separately functional, automated applications that support case management functions for all FBI investigative and administrative cases:

(a) Investigative Case Management ("ICM") - ICM provides the ability to open, assign, and close investigative and administrative cases as well as set, assign, and track leads. The Office of Origin ("OO"), which sets leads for itself and other field offices, as needed, opens a case. The field offices that receive leads from the OO are referred to as Lead Offices ("LOs"). When a case is opened, it is assigned a Universal Case File Number ("UCFN"), which is used by all FBIHQ, as well as all FBI field offices and Legats that are conducting or assisting in the investigation. Using the file number "91-NK-89204," which is the file responsive in this case, an explanation of the UCFN is as follows: "91" indicates the classification for the specific type of investigation, which in this case denotes a "bank robbery investigation;" "NK" is the abbreviated form used for the OO of the investigation, which in this case is the Newark Field Office; and "89204" denotes the individual case file number for the particular investigation.

(b) Electronic Case File ("ECF") - ECF serves as the central electronic repository for the FBI's official text-based documents. ECF supports the universal serial concept, in that only the creator of a document serializes it into a file. This provides a single-source entry of serials into the computerized ECF system. All original serials are maintained in the OO case file.

(c) Universal Index ("UNI") - UNI continues the universal concepts of ACS by

8

providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index; however, the LOs may index additional information as needed. UNI, an index of approximately 98.9 million records, functions to index names to cases, and to search names and cases for use in FBI investigations. Names of individuals or organizations are recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.

(27)    The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the investigative FBI Special Agent ("SA") assigned to work on the investigation, the supervisor in the field office conducting the investigation, and the supervising SA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. Without a "key" (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal and national security statutes. Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, i.e., Jacob S. Adams, Jr.

## SEARCHES FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUESTS

(28)    In response to plaintiffs FOIA/Privacy Act requests for information concerning himself, the FBI initiated a search of its NKFO general indices to identify all potentially responsive main files. The FBIHQ used the general indices to search the CRS for files concerning

9

plaintiff. A search was conducted using the name "Jacob S. Adams" which would cover a phonetic breakdown of the name. For example, this search would locate records using the phonetic sounds of his first, middle, and last names as follows: "Adams, Jacob S.," "Adams, Jacob," and "Adams, J. S." The FBI also used plaintiff's date of birth and social security number to facilitate the identification of responsive records. The NKFO search located one NKFO main file, and one NKFO sub-file responsive to plaintiff's request. These files were reviewed by the FBI, and non-exempt material was sent to plaintiff by letter dated February 14, 2005.

## FBI FOIPA POLICY CONCERNING ROUTINE AUTOMATED SEARCHES AND SEARCHES OF THE CRS FOR RECORDS RESPONSIVE TO PLAINTIFFS' REQUESTS

(29)    Upon receipt of the complaint in this litigation, the FBI decided to conduct a second set of searches for records responsive to plaintiff's request. In the absence of a specific request for a search of cross-references at the administrative level, the FBI's current policy is to search for and identify only "main" files responsive to FOIA/Privacy Act requests. In this case, at the administrative level, plaintiff did not specifically request that a search be conducted for cross-references. In spite of this, the FBI decided to search its NKFO indices to the CRS for cross-references. This second round of searches failed to locate any additional responsive main files or cross-references. The FBI has searched all locations likely to yield documents responsive to plaintiffs' FOIA/Privacy Act requests to the NKFO.

## CONCLUSION

(30)    FBIHQ has released all reasonably segregable information from documents responsive to plaintiff's requests. To the extent that plaintiff requested information as to whether a specific former forensic examiner was involved in the DNA comparisons that the FBI conducted

10

in its investigation of him, the FOIA does not require federal agencies to answer questions or to

create explanatory materials in response to FOIA requests, but rather is limited to requiring

agencies to provide access to reasonably described, nonexempt records.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that **Exhibits A through Q** attached hereto are true and correct copies.

Executed this ____ day of June, 2008.


DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACOB S. ADAMS, JR.,           )
                               )
        Plaintiff,             )
                               )
            v.                 )    Civil Action No.:  08-0138 (ESH)
                               )
FEDERAL BUREAU OF INVESTIGATION )
                               )
        Defendant.             )

# EXHIBIT A

### FREEDOM OF INFORMATION/PRIVACY ACT
### REQUEST ACT OF 1974

TO · FEDERAL BUREAU OF INVESTIGATION     FROM · MR. JACOB ADAMS, JR.

FREEDOM OF INFORMATION/PRIVACY ACT SECTION     #54835-066

ONE GATEWAY CENTER, 2ND FLOOR     P.O. Box 1000

NEWARK, NJ 07102-9889     Lewisburg, PA 17837

Pursuant to Title 5 U.S.C. § 552 and all other relevant sections and parts thereof, I, the undersigned, also identified above in the upper right-hand-section, hereby respectfully request the following information

I would like to know if FBI Lab Technician JAQUELINE BLAKE, who

was fired by the FBI for failing to properly examine DNA evidence,

was involved in any way in the examination of DNA in the case of

U.S. v. Jacob Adams, Jr., 00-697 (GEB) (District of New Jersey)

If there are applicable rules and regulations governing your agency in such matters, please forward them to me so that I might comply with them per the FOI Act of 1974.

If, for any reason any of the above requested information or material is deemed to be privileged and exempt under FOI, please specify the statutory reasons for the exemption, the name and title of the person(s) making the decision to withhold the material

Per the dictates of the Freedom of Information Act of 1974, your agency has ten (10) working days to respond to this request. In the event I do not recieve a response by that time, I will deem deem this formal request denied, and seek judicial remedy.

Dated    January 21, 2004          Sumitted by _____
                                                    Requester

Sworn and subscribed before me this ____ day of _____, 19 . I, the Federal Prison Case Manager of the above named person, verify that _____ before me - and is who he claims to be

M. ZEGARSKI, PAROLE OFFICER
AUTHORIZED BY ACT OF JULY 7, 1955
TO ADMINISTER OATHS
(18 U.S.C. 4004)

## CERTIFICATION   OF   IDENTITY

PRIVACY ACT STATEMENT:  In accordance with 28 CFR §16.41, personal data
sufficient to identify the individual submitting request by mail under the
the Privacy Act of 1974, 5 U.S.C. §552a, is required. The purpose of this
solicitation is to ensure that the records of individuals who are the
subject of U.S. Department of Justice systems of records are not wrongfully
disseminated by the Department. Failure to furnish this information will
result in no action being taken by the System Manager. False information
on this form may subject the requester to criminal penalties under 18 U.S.C.
Section 1001 and/or 5 U.S.C. §552a(i)(3).

FULL NAME OF REQUESTER JACOB S. ADAMS, JR.

CURRENT ADDRESS USP-P. O. Box 1000, Lewisburg, PA 17837

DATE OF BIRTH

PLACE OF BIRTH Philadelphia, PA

I certify that I am the person named above and I understand that any false
information on this statement is punishable under the provisions of 18 U.S.C.
§1001 by a fine of not more than $10,000, or by imprisonment of not more than
five years or both, and that requesting or obtaining any record(s) under
false pretenses is punishable under the provisions of 5 U.S.C. §552a(i) (3)
by a fine of no more than $5,000.

Signature

### AFFIDAVIT   OF   INDIGENCY

In as much as the requested information is in the "PUBLIC INTEREST" and
I have declared myself to be indigent, I ask that you "WAVE ALL FEES, COST,
and/or CHARGES" in pursuant to 5 U.S.C. §552a (1) (3) et seq,

I _____,swear that the aforegoing FOIA/PA request
is true and correct to the best of my knowledge and belief.

Reg.#

P.O. BOX 1000 Unit

Lewisburg, Pennsylvania 17837

Subscribed and sworn to before me this ___ day of ___ ,19 ___ .

Signature of Notary "W. ZEGARSKI, PAROLE OFFICER"
My Commission Expires AUTHORIZED BY ACT OF JULY 7, 1955
TO ADMINISTER OATHS
(18 U.S.C. 4004)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACOB S. ADAMS, JR., )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>FEDERAL BUREAU OF INVESTIGATION )<br>)<br>   Defendant. )<br>) | Civil Action No.:  08-0138 (ESH) |

# EXHIBIT B



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 5, 2003

Mr. Jacob Adams, Jr.
**54835-066
Post Office Box 1000
Lewisburg, PA  17837

Subject: Blake, Jaqueline

Dear Mr. Adams:

A copy of your letter asking for information maintained by the FBI under the Freedom of Information-Privacy Acts (FOIPA) concerning another individual was forwarded from the Newark Field Office and is being returned to you.

Before we commence processing your request for records pertaining to another individual, we ask that you submit to the FBI a privacy waiver from that person. Without a privacy waiver, the disclosure of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records, if they exist, are exempt from disclosure pursuant to Exemptions (b)(6) and/or (b)(7)(C) of the FOIA, Title 5, United States Code, Section 552.

Enclosed is a Privacy Waiver and Certification of Identity form. The subject of your request should complete this form and sign it. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. You may fax your response directly to the FOIPA Section at 202-324-3752.

In order to ensure an accurate search of our records, please provide your subject's complete name, date of birth and place of birth.

Once you have provided us with the necessary information, as described above, we will conduct a search of our records and advise you of the results.

This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

Sincerely yours,

David M. Hardy/ap

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

Enclosure

**All Attached Correspondence Must Be Returned to the FBI With This Letter**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACOB S. ADAMS, JR.,                    )
                                        )
          Plaintiff,                    )
                                        )
               v.                       )     Civil Action No.:  08-0138 (ESH)
                                        )
FEDERAL BUREAU OF INVESTIGATION         )
                                        )
          Defendant.                    )
                                        )

# EXHIBIT C

Mr. Jacob Adams, Jr.
#54835-066
P.O. Box 1000
Lewisburg, PA  17837


February 10, 2004


David M. Hardy
Section Chief, FBI
Washington, D.C. 20535

Dear Mr. Hardy:

    You returned my FOIPA request (copy enclosed) on February 5, 2004, because it purportedly requests records pertaining to another individual (Jaqueline Blake, a former FBI employee involved in my case). My requests pertains to me. It references Ms. Blake only to the extent that I want to know if she was involved in any way in the examination of evidence in my case. (U.S. v. Jacob Adams, Jr., Indictment No. 00-697(GEB) [District of New Jersey]).

    Please process my request.

                              Sincerely,

                              Jacob Adams, Jr.

    cc: FOIPA Court File

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACOB S. ADAMS, JR.,                          )
                                              )
        Plaintiff,                            )
                                              )
                                              )   Civil Action No.: 08-0138 (ESH)
        v.                                    )
                                              )
FEDERAL BUREAU OF INVESTIGATION               )
                                              )
        Defendant.                            )
                                              )

# EXHIBIT D



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 24, 2004

MR JACOB S ADAMS, JR
**54835-066
POST OFFICE BOX 1000
LEWISBURG, PA 17837

Request No.: 0992198- 000
Subject:ADAMS, JACOB S

Dear Mr. Adams:

    ☒    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request. Your request was forwarded from the Newark Field Office.

    ☐    For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

    ☐    To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

    ☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

    ☐    We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

    ☐    Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

    Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACOB S. ADAMS, JR.,                    )
                                        )
        Plaintiff,                      )
                                        )     Civil Action No.:  08-0138 (ESH)
            v.                          )
                                        )
FEDERAL BUREAU OF INVESTIGATION         )
                                        )
        Defendant.                      )
                                        )

# EXHIBIT E



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

JACOB S ADAMS JR                                        April 5, 2004
**54835-066
POST OFFICE BOX 1000
LEWISBURG, PA 17837

                                        Request No.:  0992198- 000
                                        Subject: ADAMS, JACOB S

Dear Mr. Adams:

        This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

        To promptly respond to our requests, we concentrate on identifying main files in the Central Records System .  No records pertinent to your FOIPA request were located by a search of the automated indices for our Newark field office.

        You may file an administrative appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C.  20530, within sixty days from receipt of this letter.  The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal."  Please cite the FOIPA number assigned to your request so that it may be easily identified.

                                Sincerely yours,

                                David M. Hardy
                                Section Chief,
                                Record/Information
                                    Dissemination Section
                                Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACOB S. ADAMS, JR.,          )
                              )
        Plaintiff,            )
                              )
        v.                    )      Civil Action No.:  08-0138 (ESH)
                              )
FEDERAL BUREAU OF INVESTIGATION )
                              )
        Defendant.            )
                              )

# EXHIBIT F

Mr. Jacob Adams, Jr.
Reg. No. 54835-066
P.O. Box 1000
Lewisburg, PA  17837

April 12, 2004

OFFICE OF INFORMATION
AND PRIVACY

APR 1 9 2004

RECEIVED

Co-Director, Office of Information
    & Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

FREEDOM OF INFORMATION ACT APPEAL
REQUEST NO. 0992198-000 (Jacob S. Adams)

To: Co-Director:

    I hereby appeal from the findings of David M. Hardy, (see
letter, attached).  I requested to know if Federal Bureau of
Investigation Lab Technician Jaqueline Blake, who was fired by
the FBI for failing to properly examine DNA evidence, was involved
in any way in the examination of DNA evidence in my case.
(see United States v. Jacob Adams, Jr., 00-697(GEB)).  I appeal
on the ground that it is inconceivable that there are no files
pertaining to the cases that Ms. Blake was involved in, and in
particular, whether she was involved in my case.  I have read
newspaper articles about Ms. Blake's firing in the Star-Ledger
Newspaper of Newark, New Jersey.

    There must be a listing of the cases that Ms. Blake was
involved in.

                        Respectfully submitted,

                        Jacob S. Adams, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACOB S. ADAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 08-0138 (ESH) |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION | ) | |
| | ) | |
| Defendant. | ) | |

# EXHIBIT G



**U.S. Department of Justice**

Office of Information and Privacy

―――――――――――――――――――――――――――――――――――――――――――――――――――――

*Telephone  (202) 514-3642*                    *Washington, D C  20530*

APR  2 8 2004

.Mr. Jacob Adams, Jr.
Register No  54835-066
. United States Penitentiary
P.O  Box 1000
Lewisburg, PA  17837

          Re      Request No. 992198

Dear Mr. Adams·

        This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on April 19, 2004.

        The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **04-1665**.  Please mention this number in any future correspondence to this Office regarding this matter.

        We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                              Sincerely,

                              Priscilla Jones
                              Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACOB S. ADAMS, JR.,                          )
                                              )
          Plaintiff,                          )
                                              )
               v.                             )     Civil Action No.:  08-0138 (ESH)
                                              )
FEDERAL BUREAU OF INVESTIGATION               )
                                              )
          Defendant.                          )
                                              )

# EXHIBIT H



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D C 20530_

**JUN 28 2004**

Mr. Jacob Adams, Jr.                    Re:  Appeal No. 04-1665
Register No. 54835-066                        Request No. 992198
United States Penitentiary                    RLH:ADW:CHA
Post Office Box 1000
Lewisburg, PA  17837

Dear Mr. Adams:

    You appealed from the action of the Headquarters Office of the
Federal Bureau of Investigation on your request for access to records
concerning you.

    After carefully considering your appeal, I have decided to
affirm the FBI's action on your request.  The FBI informed you that
it could locate no records responsive to your request in its Central
Records System.  It has been determined that the FBI's response is
correct.

    The FBI has not searched any of its field offices for
information responsive to your request.  You may, therefore, wish to
send requests to each FBI field office you believe maintains the
information you seek.  In fact, I have been advised by FBI personnel
that the Newark Field Office maintains records that might be
responsive to your request.  Accordingly, if you have not done so
already, you may wish to submit a Freedom of Information Act request
directly to the Newark Field Office.  The address is:

                    Federal Bureau of Investigation
                    1 Gateway Center, 22nd floor
                    Newark, NJ  07102-9889

I will consider individually appeals from each response.

    If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                              Sincerely,

                              Richard L. Huff
                              Co-Director

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACOB S. ADAMS, JR.,                          )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )   Civil Action No.:  08-0138 (ESH)
                                              )
FEDERAL BUREAU OF INVESTIGATION               )
                                              )
            Defendant.                        )
                                              )

# EXHIBIT I

Mr. Jacob Adams, Jr.
#54835-066
P.O. Box 1000
Lewisburg, PA  17837


July 12, 2004

Federal Bureau of Investigation
Freedom of Information/Privacy Act Section
1 Gateway Center, 22nd Floor
Newark, NJ  07102-9889

To Whom It May Concern:

Per the suggestion of the headquarters of the FBI, I am
filing the enclosed FOIA request with this field office.

Please respond immediately.

Sincerely,

Jacob Adams, Jr.

### FREEDOM OF INFORMATION/PRIVACY ACT
### REQUEST ACT OF 1974

TO:  FEDERAL BUREAU OF INVESTIGATION      FROM:  MR. JACOB ADAMS, JR.
     FREEDOM OF INFORMATION/PRIVACY ACT SECTION           #54835-066
     ONE GATEWAY CENTER, 22ND FLOOR              P.O. Box 1000
     NEWARK, NJ 07102-9889                       Lewisburg,  PA  17837

Pursuant to Title 5 U.S.C. § 552 and all other relevant sections and parts thereof, I, the undersigned, also identified above in the upper right-hand section, hereby respectfully request the following information:

I would like to know if FBI Lab Technician JAQUELINE BLAKE, who

was fired by the FBI for failing to properly examine DNA evidence,

was involved in any way in the examination of DNA in the case of

U.S. v. Jacob Adams, Jr., 00-697 (GEB) (District of New Jersey)

_____

_____

_____

_____

If there are applicable rules and regulations governing your agency in such matters, please forward them to me so that I might comply with them per the FOI Act of 1974.

If for any reason any of the above requested information or material is deemed to be privileged and exempt under FOI, please specify the statutory reasons for the exemption, the name and title of the person(s) making the decision to withhold the material..

Per the dictates of the Freedom of Information Act of 1974, your agency has ten (10) working days to respond to this request. In the event I do not recieve a response by that time, I will deem this formal request denied, and seek judicial remedy.

Dated:  January 21, 2004           Sumitted by: _____
                                                   Requester

Sworn and subscribed before me this ____ day of _____, 19__. I, the Federal Prison Case Manager of the above named person, verify that the above signed before me - and is who he claims to be.

M. ZEGARSKI, PAROLE OFFICER
AUTHORIZED BY ACT OF JULY 7, 1955
TO ADMINISTER OATHS Notary Public
(18 U.S.C. 4004)

## CERTIFICATION OF IDENTITY

PRIVACY ACT STATEMENT: In accordance with 28 CFR §16.41, personal data sufficient to identify the individual submitting request by mail under the the Privacy Act of 1974, 5 U.S.C. §552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disseminated by the Department. Failure to furnish this information will result in no action being taken by the System Manager. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. §552a(i)(3).

FULL NAME OF REQUESTER JACOB S. ADAMS, JR.

CURRENT ADDRESS USP-P. O. Box 1000, Lewisburg, PA 17837

DATE OF BIRTH_____

PLACE OF BIRTH Philadelphia, PA

I certify that I am the person named above and I understand that any false information on this statement is punishable under the provisions of 18 U.S.C. §1001 by a fine of not more than $10,000,or by imprisonment of not more than five years or both,and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. §552a(i) (3) by a fine of no more than $5,000.

Signature_____

## AFFIDAVIT OF INDIGENCY

In as much as the requested information is in the "PUBLIC INTEREST" and I have declared myself to be indigent, I ask that you "WAVE ALL FEES, COST, and/or CHARGES" in pursuant to 5 U.S.C. §552a (1) (3) et seq.

I_____,swear that the aforegoing FOIA/PA request is true and correct to the best of my knowledge and belief.

_____

Reg.# _____

P.O. BOX 1000 Unit _____

Lewisburg,Pennsylvania 17837

Subscribed and sworn to before me this____day of____,19___.

Signature of Notary W. ZEGARSKI PAROLE OFFICER"
My Commission Expires AUTHORIZED BY ACT OF JULY 7, 1955
TO ADMINISTER OATHS
(18 U.S.C. 4004)

# Privacy Waiver and Certification of Identity

Full Name: JACOB ADAMS, JR. _____

Current Address: U.S. PENITENTIARY, P.O. BOX 1000, LEWISBURG, PA    17837

_____

Date of Birth: _____  Place of Birth: Philadelphia, PA

(Optional: Prior addresses, employments, aliases, etc., which may assist the FBI in locating the requested information) _____

_____

_____

    **I hereby waive my right to privacy, and I authorize the FBI to release any and all information relating to me to :**

**(name, address, & phone of Attorney or other Designee)**

_____

_____

_____

    Under penalty of perjury, I hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a (i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signature: _____  Date: July 12, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACOB S. ADAMS, JR.,

    Plaintiff,

        v.

FEDERAL BUREAU OF INVESTIGATION

    Defendant.

)
)
)
)
)
)
)
)
)
)

Civil Action No.: 08-0138 (ESH)

# EXHIBIT J

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*August 2, 2004*

JACOB S ADAMS JR
**54835-066
POST OFFICE BOX 1000
LEWISBURG, PA 17837

Request No.: 1002135- 000
Subject: JACOB S ADAMS JR

Dear Mr. Adams:

☒ This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request. Your request was forwarded from our Newark Field Office.

☐ For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐ To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐ If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☐ We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐ Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACOB S. ADAMS, JR.,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　)　　Civil Action No.:  08-0138 (ESH)
　　　　　　v.　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
FEDERAL BUREAU OF INVESTIGATION　)
　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　)

# EXHIBIT K



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

JACOB S ADAMS JR                                         August 11, 2004
**54835-066
POST OFFICE BOX 1000
LEWISBURG, PA 17837

Request No.: 1002135- 000
Subject: ADAMS, JACOB S (JR)

Dear Requester:

This is in further response to your Freedom of Information-Privacy Acts (FOIPA) request.

A search of the Central Records System at FBI Headquarters has located a file that may pertain to your request. At this time, it is unavailable for review. When it becomes available, you will be notified if it is identifiable to your request, and all releasable material will be sent to you.

You may file an administrative appeal by writing to the Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACOB S. ADAMS, JR.,                    )
                                        )
        Plaintiff,                      )
                                        )
                                        )    Civil Action No.:  08-0138 (ESH)
                v.                      )
                                        )
FEDERAL BUREAU OF INVESTIGATION         )
                                        )
        Defendant.                      )
                                        )

# EXHIBIT L

Mr. Jacob S. Adams, Jr.
Reg. No. 54835-066
P.O. Box 1000
Lewisburg, PA  17837

August 16, 2004

Office of Information and Privacy
U.S. Dept. of Justice
Flag Building, Suite 570
Washington, D.C.  20530

Re: Request No. 1002135-000
    Subject: ADAMS, JACOB S.(JR)

"FREEDOM OF INFORMATION APPEAL"

To Whom it May Concern:

I hereby appeal from the response dated August 11, 2004, from David M. Hardy, Section Chief, Record/Information Dissemination Section/Records Management Division of the Federal Bureau of Investigation.

Specifically, I object to the fact that Mr. Hardy indicates that a search of the Central Records System at the FBI Headquarters has located a file that may pertain to my request, yet he says in the same breath that the file is unavailable for review. Mr. Hardy fails to explain why the file is unavailable for review, nor does he cite any statutory exception to disclosure.

I request that the file be made available to me.

Sincerely,

Jacob S. Adams, Jr.

OFFICE OF INFORMATION
AND PRIVACY

AUG 2 4 2004

RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACOB S. ADAMS, JR.,                )
                                    )
          Plaintiff,                )
                                    )
                                    )   Civil Action No.:  08-0138 (ESH)
          v.                        )
                                    )
FEDERAL BUREAU OF INVESTIGATION     )
                                    )
          Defendant.                )
                                    )

# EXHIBIT M



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*

SEP 3 0 2004

Mr. Jacob S. Adams, Jr.
Register No. 54835-066
United States Penitentiary          Re:  Appeal No. 04-2732
Post Office Box 1000                      Request No. 1002135
Lewisburg, PA  17837                      RLH:ADW:ALB

Dear Mr. Adams:

     You appealed from the action of the Newark Field Office of the
Federal Bureau of Investigation on your request for access to records
concerning you.

     The FBI informed you by letter dated August 11, 2004, that it
had identified records that might be responsive to your request, but
which it was unable to retrieve.  Subsequent to your appeal, the FBI
located the file in question.  Therefore, I am remanding your request
to the FBI for processing.  The FBI will send the releasable portions
of this file to you directly.  If you are dissatisfied with the
ultimate action of the FBI on these records, you may appeal again to
this Office.

     If you consider my action to be a denial of your appeal, you
may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                              Sincerely,



                              Richard L. Huff
                              Co-Director

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACOB S. ADAMS, JR.,                 )
                                     )
        Plaintiff,                   )
                                     )
            v.                       )    Civil Action No.:  08-0138 (ESH)
                                     )
FEDERAL BUREAU OF INVESTIGATION      )
                                     )
        Defendant.                   )

# EXHIBIT N



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

JACOB S ADAMS JR                                                February 14, 2005
**54835-066
POST OFFICE BOX 1000
LEWISBURG, PA 17837

Subject: ADAMS, JACOB S (JR)

FOIPA No.  1002135- 001

Dear Mr. Adams:

        The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5,
United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure,
with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was
inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked
below and explained on the enclosed Form OPCA-16a:

| Section 552 | Section 552 | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☒(b)(3)___Rule 6 (e) ,FRCP___ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☒(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) | | ☐(k)(7) |

453 **page(s)** were reviewed and 365 **page(s)** are being released.

☐   Document(s) were located which originated with, or contained information concerning other
    Government agency(ies) [OGA].  This information has been:

    ☐  referred to the OGA for review and direct response to you.

    ☐  referred to the OGA for consultation.  The FBI will correspond with you regarding this
       information when the consultation is finished.

☒ You have the right to appeal any denials in this release.  Appeals should be directed in
writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, Flag
Building, Suite 570, Washington, D.C.  20530-0001 within sixty days from the date of this letter.
The envelope and the letter should be clearly marked "Freedom of Information Appeal" or
"Information Appeal."  Please cite the FOIPA number assigned to your request so that it may be easily
identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was
the focus of the investigation.  Our search located additional references, in files relating to other
individuals, or matters, which may or may not be about your subject(s).  Our experience has shown,
when ident, references usually contain information similar to the information processed in the main file(s).
Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☐ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s) 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACOB S. ADAMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.:  08-0138 (ESH) |
| v. ) | |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION ) | |
| ) | |
| Defendant. ) | |

# EXHIBIT O

Mr. Jacob S. Adams, Jr.
Reg. No. ~~54833-066~~
P.O. Box 1000
Lewisburg, PA  17837

February 28, 2005

Co-Director, Office of Information & Privacy
U.S. Department of Justice, Flag Bldg., Suite 570
Washington, D.C.  20530-0001

RE:    <u>FREEDOM OF INFORMATION APPEAL</u>

       FOIPA No. 1002135-001

Dear Co-Director:

    In my FOIA request, I specifically asked the FBI if forensic
examiner Jacqueline Blake was involved in any way in the DNA
comparisons done in the FBI's criminal investigation of me. The
documents provided to me on February 14, 2005 are not responsive
to my request.

    I request to be specifically advised whether former forensic
examiner Jacqueline Blake was involved in any way in the DNA
comparisons that the FBI conducted in its investigation of me.
See <u>Looney v. Walters-Tucker</u>, 20 F.Supp.2d. 70 (D.D.C.) (holding
that FDIC had to respond to FOIA request regarding whether
bank was insured on day of robbery by FDIC).

    Accordingly, this appeal must be granted.

                              Sincerely,

                              Jacob S. Adams, Jr.

OFFICE OF INFORMATION
AND PRIVACY

MAR 0 4 2005

RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACOB S. ADAMS, JR.,                )
                                    )
        Plaintiff,                  )
                                    )
                                    )    Civil Action No.:  08-0138 (ESH)
        v.                          )
                                    )
FEDERAL BUREAU OF INVESTIGATION     )
                                    )
        Defendant.                  )
                                    )

# EXHIBIT P



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone. (202) 514-3642*                          *Washington, D C  20530*


Mr  Jacob S. Adams, Jr.                          MAR  ı 5  2005
Register No. 54835-066
United States Penitentiary
P O  Box 1000
Lewisburg, PA  17837

          Re:    Request No. 1002135-001

Dear Mr. Adams.

          This is to advise you that your administrative appeal from the action of the Federal Bureau of
Investigation on your request for information from the files of the Department of Justice was received by
this Office on March 4, 2005.

          The Office of Information and Privacy, which has the responsibility of adjudicating such
appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford
each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals
in the approximate order of receipt.  Your appeal has been assigned number **05-1217**.  Please mention
this number in any future correspondence to this Office regarding this matter.

          We will notify you of the decision on your appeal as soon as we can.  The necessity of this
delay is regretted and your continuing courtesy is appreciated.

                              Sincerely,

                              Priscilla Jones
                              Chief, Administrative Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACOB S. ADAMS, JR.,                    )
                                        )
        Plaintiff,                      )
                                        )
            v.                          )    Civil Action No.:  08-0138 (ESH)
                                        )
FEDERAL BUREAU OF INVESTIGATION         )
                                        )
        Defendant.                      )
                                        )

# EXHIBIT Q



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**NOV 2 6 2007**

Mr. Jacob S. Adams, Jr.
Register No. 54835-066
United States Penitentiary                Re:    Appeal No. 05-1217
Post Office Box 1000                              Request No. 1002135-001
Lewisburg, PA 17837                              ADW:SJV

Dear Mr. Adams:

        You appealed from the action of the Newark Field Office of the Federal Bureau of
Investigation on your request for access to records pertaining to the DNA analysis that was
performed in your case. I note that you limit your appeal to "be specifically advised whether
former forensic examiner Jacqueline Blake was involved in any way in the DNA comparisons
that the FBI conducted in its investigation of [you]." I regret the substantial delay in responding
to your appeal.

        After carefully considering your appeal, I am affirming the FBI's action on your request.
The FBI released 364 pages of records in response to your Freedom of Information Act request.
To the extent that your appeal was specifically limited as described above, please note that the
FOIA does not require federal agencies to answer questions or to create explanatory materials in
response to a FOIA request, but rather is limited to requiring agencies to provide access to
reasonably described, nonexempt records. See NLRB v. Sears, Roebuck & Co., 421 U.S. 132,
162 (1975); Zemansky v. EPA, 767 F.2d 569, 574 (9th Cir. 1985).

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Janice Galli McLeod
                                        Associate Director