UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| JACOB S. ADAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 08-0138 (ESH) |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

In this action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. 552, plaintiff challenges the Federal Bureau of Investigation's ("FBI") denial of his request for information. Specifically, plaintiff wants to know "whether FBI lab technician Jaqueline Blake . . . was involved in any way in the examination of DNA evidence in [his criminal case]." Compl. at 1. The FBI moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6) or for summary judgment pursuant to Rule 56. Upon consideration of the complaint, the parties' submissions beyond the pleadings and the entire record, the Court will grant defendant's Rule 56 motion for summary judgment.

I.  BACKGROUND

In a FOIA request to the FBI's Newark Field Office dated January 21, 2004, plaintiff stated:

> I would like to know if FBI Lab Technician Jaqueline Blake, who was fired by the FBI for failing to properly examine DNA evidence, was involved in any way in the examination of DNA in the case of U.S. v. Jacob Adams, Jr., 00-697 (GEB) (District of New Jersey).

(Def.'s Mot., Declaration of David M. Hardy ("Hardy Decl."), Ex. A.)  By letter of February 5, 2004, FBI Headquarters, treating the request as one for third-party records, informed plaintiff that he would need to provide a privacy waiver from Ms. Blake before it would process the request.  (*Id.*, Ex. B.)  On February 10, 2004, plaintiff responded that "[m]y request[] pertains to me.  It references Ms. Blake only to the extent that I want to know if she was involved in any way in the examination of evidence in my case."  (*Id.*, Ex. C.)  The FBI therefore treated plaintiff's request as one for records pertaining to himself, conducted searches at FBI Headquarters and the Newark Field Office and eventually released 365 responsive pages to plaintiff by letter of February 14, 2005.  (*Id.* ¶¶ 7-18.)

Plaintiff appealed the foregoing release to the Office of Information and Privacy ("OIP") as not responsive to his request because it failed to answer his specific question about Ms. Blake.  (*Id.*, Ex. O.)  In affirming the FBI's determination by letter of November 26, 2007, OIP informed plaintiff that "the FOIA does not require federal agencies to answer questions or to create explanatory materials . . . ." and advised him of his right to seek judicial review.  (*Id.*, Ex. Q.)  Plaintiff initiated this civil action on January 24, 2008.

## I.  DISCUSSION

Defendant asserts that subject matter jurisdiction is lacking because plaintiff failed to submit a proper FOIA request, but its denial of the request confers jurisdiction upon this Court to review the lawfulness of its actions, including its characterization of the request as improper.  *See* 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) ("Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has [improperly withheld agency records].") (*quoting*

*Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)). The Court therefore denies defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In a FOIA action, the Court may award summary judgment to the agency solely on the basis of information provided in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *accord Campbell v. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998) (*quoting King v. Dep't of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987)); *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

"Under [the] FOIA, an individual may obtain access to records 'written or transcribed to perpetuate knowledge or events.' . . . [The] FOIA neither requires an agency to answer questions disguised as a FOIA request, [n]or to create documents or opinions in response to an individual's request for information." *Hudgins v. IRS,* 620 F. Supp. 19, 21 (D.D.C.1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987), *cert. denied*, 484 U.S. 803 (1987) (citations omitted). Thus, defendant rightly advised plaintiff that it had no obligation under the FOIA to answer his inquiry. Because the complaint is premised solely on that determination, the Court finds that defendant is entitled to

judgment as a matter of law. *See id.* (dismissing for failure to state a claim upon finding "that plaintiffs have not requested 'records' as that term is employed under FOIA"). A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: August 19, 2008